**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**    _____

2. **All other names debtor used in the last 8 years**    _____

   Include any assumed names, trade names, and *doing business as* names    _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)    __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   _____
   Number     Street

   _____

   _____
   City                    State      ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number     Street

   _____
   P.O. Box

   _____
   City                    State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number     Street

   _____

   _____
   City                    State      ZIP Code

5. **Debtor's website** (URL)    _____

6. **Type of debtor**
   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

Debtor _____     Case number *(if known)*_____
              Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☐ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☐ Chapter 11. *Check all that apply*: |

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☐ No |
| | ☐ Yes. District _____ When ____/____/_____ Case number _____ |
| If more than 2 cases, attach a separate list. | MM / DD / YYYY |
| | District _____ When ____/____/_____ Case number _____ |
| | MM / DD / YYYY |

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
| | ☐ Yes. Debtor _____ Relationship _____ |
| List all cases. If more than 1, attach a separate list. | District _____ When ____/____/_____ |
| | MM / DD / YYYY |
| | Case number, if known _____ |

Debtor _____     Case number *(if known)*_____
        Name

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☐ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?**  *(Check all that apply.)*<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br><br>**Where is the property?**_____<br>              Number         Street<br><br>           _____<br><br>           _____<br>           City                    State     ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br><br>        Contact name _____<br><br>        Phone       _____ |

## Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☐ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor _____     Case number (*if known*)_____
          Name

| | | |
|---|---|---|

**16. Estimated liabilities**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                      MM  / DD / YYYY

✗   _/s/ Sergei Krylov_____          _____
Signature of authorized representative of debtor          Printed name

Title _____

---

**18. Signature of attorney**

✗   _/s/ David M. Bennett_____          Date _____
Signature of attorney for debtor                              MM   / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number       Street

_____        _____   _____
City                                        State        ZIP Code

_____        _____
Contact phone                               Email address

_____        _____
Bar number                                  State

---

**Rider 1**

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in the Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Approach Resources Inc.

1.  Approach Resources Inc.

2.  Approach Midstream Holdings LLC

3.  Approach Oil & Gas Inc.

4.  Approach Operating, LLC

5.  Approach Delaware, LLC

6.  Approach Services, LLC

7.  Approach Resources I, LP

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _____.

2. The following financial data is the latest available information and refers to the debtor's condition on _____.

   a. Total assets                              $_____

   b. Total debts (including debts listed in 2.c., below)     $_____

   c. Debt securities held by more than 500 holders

                                                       Approximate number of holders:

secured ☐   unsecured ☐   subordinated ☐  $ _____    _____

secured ☐   unsecured ☐   subordinated ☐  $ _____    _____

secured ☐   unsecured ☐   subordinated ☐  $ _____    _____

secured ☐   unsecured ☐   subordinated ☐  $ _____    _____

secured ☐   unsecured ☐   subordinated ☐  $ _____    _____

   d. Number of shares of preferred stock                         _____

   e. Number of shares common stock                           _____

   Comments, if any: _____

_____

_____

3. Brief description of debtor's business: _____

_____

_____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

_____

_____

_____

## OFFICER'S CERTIFICATE

The undersigned, the Chief Executive Officer of Approach Resources Inc. and its Debtor Affiliates (the "Debtors"), does hereby certify the following as of the date hereof:

a.  I am a duly qualified and elected officer of the Debtors, and, as such, I am familiar with the facts herein certified and duly authorized to certify the same on behalf of the Debtors.

b.  attached as **Annex A** hereto is a true, correct and complete copy of the resolutions adopted by the Debtors on November 14, 2019 (the "Debtors' Resolutions") in accordance with the terms of the Debtors' bylaws;

c.  such Debtors' Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Debtors' board of directors relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has cause this certificate to be executed as of the date first set forth above.

Executed this 18th day of November, 2019

By:  _/s/ Sergei Krylov_____
Name: Sergei Krylov
Title: Chief Executive Officer

511851.000057 22775933.2

**Annex A**

**Board Resolutions**

**APPROACH RESOURCES INC.**

**RESOLUTIONS TO BE ADOPTED
BY THE BOARD OF DIRECTORS**

**NOVEMBER 14, 2019**

**WHEREAS**, the Board of Directors (the "Board") of Approach Resources Inc., a Delaware corporation ("Approach"), previously formed a committee of independent directors (the "Committee") to evaluate, negotiate and make recommendations to the Board with respect to a potential transaction with Wilks Brothers, LLC and SDW Investments, LLC (together with any affiliates, "Wilks") as well as other financing alternatives and deleveraging transactions, including without limitation (i) amendments or waivers to the covenants or other provisions of Approach's revolving credit facility, (ii) raising new capital in private or public markets and (iii) restructuring Approach's balance sheet either through an in-court Chapter 11 proceeding or through an out-of-court agreement with creditors;

**WHEREAS**, the Committee and the Board, (1) on behalf of Approach, (2) on behalf of Approach in its capacity as the sole member of each of Approach Midstream Holdings LLC, a Delaware limited liability company ("Approach Midstream"), Approach Operating, LLC, a Delaware limited liability company ("Approach Operating"), Approach Delaware, LLC, a Delaware limited liability company ("Approach Delaware") and Approach Services, LLC, a Delaware limited liability company ("Approach Services"), (3) on behalf of Approach in its capacity as the sole shareholder of Approach Oil & Gas Inc., a Delaware corporation ("AOG"), and (4) on behalf of Approach in its capacity as the sole member of the sole general partner of Approach Resources I, LP, a Texas limited partnership ("Approach LP", and together with Approach Midstream, Approach Operating, Approach Delaware, Approach Services, AOG and Approach, the "Approach Entities"), has studied the financial state of the Approach Entities, including each Approach Entity's liabilities and liquidity and the short-term and long-term prospects available to each such Approach Entity;

**WHEREAS**, the Committee and the Board have considered presentations by Approach's management team ("Management") and financial, restructuring, and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities and liquidity situation of each Approach Entity, the strategic alternatives available to it, and the effect of the foregoing on each Approach Entity's business;

**WHEREAS**, upon the resignation of representatives of Wilks from the Board, the membership of the Committee fully constituted the membership of the Board, and the Board as of the date hereof is comprised of only independent directors;

**WHEREAS**, the Board has had the opportunity to consult with Management and the Advisors of the Approach Entities and fully consider each of the strategic alternatives available to the Approach Entities;

**WHEREAS**, the Board has unanimously determined that it is fair and reasonable to, and in the best interests of, each Approach Entity and its stakeholders, to file with a federal bankruptcy court voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and attempt to enter into a secured and superpriority debtor-in-possession revolving credit facility and has recommended that the Board authorize, ratify and approve the filing by the Approach Entities of the Chapter 11 Cases (as defined below) under the Bankruptcy Code in the Bankruptcy Court;

**WHEREAS**, the Board has unanimously determined that it is fair and reasonable, and in the best interests of, each Approach Entity and its stakeholders, at the discretion of the Board and Management, and in consultation with the Advisors, to engage in a sales and marketing process of the Approach Entities and all of their assets;

**WHEREAS**, reference is made to that certain Senior Secured Super Priority Debtor-in-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "DIP Credit Agreement") dated as of, or about, the date hereof, to be entered into by and among Approach, as the borrower, the Approach Entities (other than Approach), as guarantors and as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code, JPMorgan Chase Bank, N.A., as administrative agent (the "DIP Agent") and letter of credit issuer, and the lenders from time to time party thereto (collectively, the "DIP Lenders");

**WHEREAS**, Approach has requested that the DIP Lenders provide a senior secured debtor-in-possession revolving credit facility to Approach, a portion of which shall be used to roll up revolving credit exposure of the DIP Lenders under the Prepetition Credit Agreement (as defined in the DIP Credit Agreement);

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to Approach is subject to, among other things, the Approach Entities entering into the DIP Credit Agreement and the Approach Entities satisfying certain conditions in the DIP Credit Agreement;

**WHEREAS**, each Approach Entity will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Approach Entity that each Approach Entity enters into the DIP Credit Agreement and performs its obligations thereunder; and

**WHEREAS**, each Approach Entity will obtain benefits from the other Loan Documents (as defined in the DIP Credit Agreement, the "DIP Loan Documents") and it is advisable and in the best interest of each Approach Entity that each Approach Entity enter into each DIP Loan Document to which it is a party and to perform its obligations thereunder, including guaranteeing the obligations of each Approach Entity under the DIP Loan Documents and granting security interests in all or substantially all of its assets;

2

**Relating to the Chapter 11 Cases**

      **NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of each Approach Entity, their creditors, and other parties-in-interest, that each such Approach Entity shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "Bankruptcy Court").

      **RESOLVED FURTHER**, that each of the Chief Executive Officer and Executive Vice Presidents of each of the Approach Entities (each an "Authorized Officer", and collectively, the "Authorized Officers"), any one of whom may act individually without the joinder of any of the others be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Approach Entity all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements) as necessary to commence the Chapter 11 Cases, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Approach Entity's business.

**Relating to the Sales and Marketing Process**

      **RESOLVED FURTHER**, in the judgment of the Board, it is desirable and in the best interests of each Approach Entity, their creditors, and other parties-in-interest, that Management, in consultation with the Advisors, shall be, and hereby is, authorized, empowered and directed to engage in a sales and marketing process of the Approach Entities and all of their assets.

      **RESOLVED FURTHER**, that each of the Authorized Officers, any one of whom may act individually without the joinder of any of the others, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Approach Entity to engage in and effect a sales and marketing process of the Approach Entities and all of their assets.

**Relating to Retention of Advisors**

      **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Thompson & Knight LLP ("TK"), as each Approach Entity's counsel, to represent and assist each Approach Entity in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Approach Entity's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Approach Entity; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain TK in accordance with applicable law.

      **RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Perella Weinberg Partners L.P. ("Perella"), including its affiliate Tudor, Pickering, Holt & Co., as each Approach Entity's financial advisor and investment banker; and, in connection therewith, each of the Authorized

511851.000057 22776348.5

Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Perella in accordance with applicable law.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of KPMG US LLP ("KPMG"), as each Approach Entity's tax advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KPMG in accordance with applicable law.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal North America, LLC ("Alvarez"), as each Approach Entity's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez in accordance with applicable law.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq"), as each Approach Entity's claims, noticing and solicitation agent to represent each Approach Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Approach Entity's rights and obligations; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq in accordance with applicable law.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ any other professionals deemed necessary and appropriate by the Authorized Officers, after consultation with the Board, to assist each Approach Entity in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Approach Entity's Chapter 11 Cases, with a view to the successful prosecution of such cases.

**Relating to the DIP Credit Agreement**

**RESOLVED** that the form, terms, and provisions of the DIP Credit Agreement and each other DIP Loan Document, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder) and each other DIP Loan Document, the transactions contemplated therein, and the guarantees, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved.

**RESOLVED FURTHER**, that each Approach Entity will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Approach Entity that each Approach Entity enters into the DIP Credit Agreement and performs its obligations thereunder.

**RESOLVED FURTHER**, that each Approach Entity will obtain benefits from the other DIP Loan Documents and it is advisable and in the best interest of each Approach Entity that each Approach Entity enters into the DIP Loan Documents to which it is or will be a party and performs its obligations thereunder, including guaranteeing the obligations of each other Approach Entity under the DIP Loan Documents and granting security interests in all or substantially all of its assets.

**RESOLVED FURTHER**, that each Approach Entity's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement and the other DIP Loan Documents, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform under the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, security agreements, pledge agreements, guarantees, mortgages, deeds of trust and any amendment or any other modification of any of the foregoing (collectively, the "Related Documents") required to consummate the transactions contemplated by the DIP Credit Agreement and any other DIP Loan Document in the name and on behalf of each Approach Entity, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, emailed, engraved, or printed as deemed necessary and preferable.

**RESOLVED FURTHER**, that each of the Authorized Officers, any one of whom may act individually without the joinder of any of the others, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Approach Entity to seek authorization to enter into the DIP Credit Agreement and each other DIP Loan Document and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Approach Entity, necessary to implement the postpetition financing, including providing for adequate protection in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and each other DIP Loan Document and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may

require each Approach Entity to grant adequate protection and liens to each Approach Entity's DIP Lenders and other lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Approach Entity pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED FURTHER**, that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which each Approach Entity is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each Approach Entity as collateral (including pledges of equity, real property and personal property as collateral) under the DIP Loan Documents, (iii) the guarantee of obligations by each Approach Entity under the DIP Loan Documents, from which each Approach Entity will derive value, in each case, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Officer or other officer of each Approach Entity is hereby authorized, empowered, and directed, in the name of and on behalf of each Approach Entity, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Board, the other DIP Loan Documents and such other agreements, fee letters, commitment letters, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Approach Entity is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the other DIP Loan Documents and the Related Documents, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve.

**RESOLVED FURTHER**, that each Approach Entity, as debtor and debtor-in-possession under the Bankruptcy Code, be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations and the refinancing of some or all of the obligations outstanding under the Prepetition Credit Agreement (as defined in the DIP Credit Agreement).

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Approach Entity, as debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties-in-interest; and (iv)

such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Approach Entity to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Approach Entity that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Approach Entity and such other filings in respect of intellectual and other property of each Approach Entity, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Approach Entity to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Approach Entity in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Approach Entity's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Approach Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

**RESOLVED FURTHER**, that to the extent any Approach Entity serves as the sole member, general partner, managing member, equivalent manager, or other governing body of any limited liability company, corporation, or partnership (each such entity, a "Controlled Entity"), each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlled Entity.

**Relating to Further Authorization and Ratification**

**RESOLVED** that, in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, each of the Authorized Officers, any of whom may act without the joinder of any of the others, be, and hereby is, authorized and directed, in the name and on behalf of each

511851.000057 22776348.5

Approach Entity, to take or cause to be taken any and all such further actions in connection with the foregoing resolutions, to execute and deliver all such further instruments and documents, to make all such applications and filings with governmental or regulatory authorities, to seek any and all consents and/or approvals and to pay all fees and expenses incurred by any Approach Entity in connection with the foregoing resolutions, in each case, which shall in such Authorized Officer's judgment be deemed necessary, proper or advisable, such determination to be evidenced conclusively by any such Authorized Officer's execution and delivery thereof or taking of action in respect thereto.

**RESOLVED FURTHER**, that all actions of the officers and directors of any Approach Entity heretofore taken in connection with the matters described in the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects.

* * * * *

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| APPROACH RESOURCES INC., *et al.*, | § | Case No. 19-_____ (___) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors[1] | § | |
| | § | |

## LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Approach Resources Inc. ("Approach," and together with its debtor-affiliates, the "Debtors"), hereby states that, based upon public filings, Wilks Brothers, LLC and its affiliates ("Wilks") holds approximately 48% of Approach's equity interests.  Based upon public filings, no other person or entity owns 5% or more of Approach's equity interests.[2]

The undersigned, the Chief Executive Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of November 18, 2019.

Executed this 18th day of November, 2019

_/s/ Sergei Krylov_____
By:     Sergei Krylov
Name: Sergei Krylov
Title:   Chief Executive Officer

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Approach Resources Inc. (4817); Approach Midstream Holdings LLC (4122); Approach Oil & Gas Inc. (7957); Approach Operating, LLC (1981); Approach Delaware, LLC (7483); Approach Services, LLC (3806); and Approach Resources I, LP (5316).  The Debtors' mailing address is One Ridgmar Centre, 6500 West Freeway, Suite 800, Fort Worth, Texas 76116.

[2]  By separate motion, filed contemporaneously herewith, the Debtors request that the court waive requirements of Bankruptcy Rule 1007(a)(3).  However, in an attempt to comply with the requirements of Bankruptcy Rule 1007(a)(3) to the extent reasonably possible, the Debtors have filed this list of significant equity security holders.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| APPROACH RESOURCES INC., *et al.*, | § | Case No. 19-_____ (___) |
| | § | |
| | § | **(Joint Administration Requested)** |
| Debtors[1] | § | |
| | § | |

## CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(l))

Pursuant to Rules 1007(a)(l) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Approach Resources Inc. ("Approach") hereby certifies that, based upon public filings, Wilks Brothers, LLC and its affiliates ("Wilks") holds approximately 48% of Approach's equity interests.  Based upon public filings, no other person or entity owns 10% or more of Approach's equity interests.

The undersigned, the Chief Executive Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of November 18, 2019.

Executed this 18th day of November, 2019

*/s/ Sergei Krylov*
By:      Sergei Krylov
Name: Sergei Krylov
Title:   Chief Executive Officer

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Approach Resources Inc. (4817); Approach Midstream Holdings LLC (4122); Approach Oil & Gas Inc. (7957); Approach Operating, LLC (1981); Approach Delaware, LLC (7483); Approach Services, LLC (3806); and Approach Resources I, LP (5316).  The Debtors' mailing address is One Ridgmar Centre, 6500 West Freeway, Suite 800, Fort Worth, Texas 76116.

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____

(State)

Case number (*If known*):    _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule ____*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _____          ✖   */s/Sergei Krylov*_____

MM / DD / YYYY          Signature of individual signing on behalf of debtor

_____

Printed name

_____

Position or relationship to debtor

**Approach Resources Inc. - Top 30 Creditors**

*As of 11/18/19*

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JPMorgan Chase Bank, N.A., as Administrative Agent | JPMorgan Chase Bank, N.A. 2200 Ross Avenue Floor 3 Dallas, TX 75201-2787<br><br>Attention: David Morris<br><br>PHONE: 214-965-2925 FAX: 214-367-4405 EMAIL: david.m.morris@jpmorgan.com | Deficiency Claim re: 6.70% Senior Secured Facility<br><br>Due 2020 | Unliquidated | $    322,000,000 | Undetermined | Undetermined |
| 2 | Wilmington Trust, N.A., as Successor Trustee | Wilmington Trust, N.A. 15950 North Dallas Parkway Suite 550 Dallas, TX 75248<br><br>Attention: Approach Resources Inc. Administrator<br><br>PHONE: 972-383-3151 FAX: EMAIL: sgoffinet@wilmingtontrust.net | Deficiency Claim re: 7.00% Senior Notes<br><br>Due 2021 | Unliquidated | - | - | 84,600,000 |
| 3 | USA Compression Partners | 100 Congress Avenue Suite 450 Austin, TX 78701<br><br>Attn: Matthew C. Liuzzi, CFO<br><br>PHONE: 512- 473-2662 FAX: 512-320-0706 EMAIL: matt.liuzzi@usacompression.com | Trade | | - | | 492,521 |
| 4 | R & N Trenching Inc | 304 E. Garden Avenue P.O. Box 85 Mertzon, TX 76941<br><br>Attn: Richard G. Baumann<br><br>PHONE: 325-835-7098 FAX: EMAIL: | Trade | | - | | 145,291 |
| 5 | Jet Specialty & Supply, Inc | 211 Market Avenue Boerne, TX 78006<br><br>Attn: Ted Williams, CFO<br><br>PHONE: 830-331-9457 FAX: EMAIL: ted.williams@jetspecialty.com | Trade | | - | | 65,397 |
| 6 | Jacam Chemicals 2013 LLC | 205 South Broadway Sterling, KS 67579<br><br>Attn: Stephen Tuszynski, CFO<br><br>PHONE: 620-278-3355 FAX: 620-278-2013 EMAIL: | Trade | | - | | 64,531 |
| 7 | Wrenched Up Roustabouts, LLC | 3922 Blair Lane San Angelo, TX 79702<br><br>Attn: Mason Surber, Co-Owner/Operations Manager<br><br>PHONE: 432-631-4572 FAX: EMAIL: surberroustabout@gmail.com | Trade | | - | | 48,457 |

**Approach Resources Inc. - Top 30 Creditors**

*As of 11/18/19*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8   Diamond Energy Services, LP | 406 S. Boulder Avenue, Suite 708 Tulsa, OK 74103<br><br>Attn: Richard Bedner<br><br>PHONE: 830-663-2461 FAX: 830-663-5753 EMAIL: | Trade | | - | | 31,489 |
| 9   Pro-Ject Chemicals LLC | 1800 Hughes Landing Boulevard # 175 The Woodlands, TX 77380<br><br>Attn: Jim Bonsall, Controller<br><br>PHONE: 832-403-2560 FAX: 832-403-3046 EMAIL: jbonsall@pro-jectchemicals.com | Trade | | - | | 29,139 |
| 10   Equipment Transport | 1 Tyler Court Carlisle, PA 17015<br><br>Attn: Glenn Lewis<br><br>PHONE: 717-254-6731 FAX: 717-256-5830 EMAIL: g.lewis@equipmenttransportllc.com | Trade | | - | | 25,118 |
| 11   Bruington Engineering LLC | 8620 N New Braunfels Suite 315 San Antonio, TX 78217<br><br>Attn: Steve Bruington<br><br>PHONE: 210-828-8117 FAX: 210-828-5274 EMAIL: | Trade | | - | | 20,300 |
| 12   JMC Transport Service, LLC | 104 PR 3304 Sonora, TX 76950<br><br>Attn: John Creek, Owner<br><br>PHONE: 325-387-2511 FAX: 325-387-5640 EMAIL: | Trade | | - | | 18,272 |
| 13   Petrosmith Coating, LP | 7510 US Highway 277 South Abiline, TX 79606<br><br>Attn: George Percival<br><br>PHONE: 325-695-1301 FAX: 325-695-1331 EMAIL: george.percival@petrosmith.com | Trade | | - | | 16,762 |
| 14   All-Tex Irrigation & Supply, LLC | 3727 S. Jackson San Angelo, TX 76903<br><br>Attn: Jeff Perrine<br><br>PHONE: 325-949-1172 FAX: 325-223-8642 EMAIL: jeff@alltexirrigation.com | Trade | | - | | 14,581 |

**Approach Resources Inc. - Top 30 Creditors**
*As of 11/18/19*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  Performance Wellhead | 8505 Jackrabbit Dr, Suite A Houston, TX 77095<br><br>Attn: David McLaurin<br><br>PHONE: 281-200-2330 FAX: 281-200-2332 EMAIL: dmclaurin@pwfrac.com | Trade | | - | | 13,119 |
| 16  Mustang Gas Compression, LLC | 2500 Woodbine Drive Kilgore, TX 75662<br><br>Attn: Jim Weaver<br><br>PHONE: 903-949-0417 FAX: 903-984-3781 EMAIL: jweaver@mustangcompression.com | Trade | | - | | 10,000 |
| 17  Niblett's Oilfield Services, Inc | 678 S US Highway 277 Eldorado, TX 76936-0910<br><br>Attn: Charles A. Niblett, President<br><br>PHONE: 325-853-2521 FAX: 325-853-3254 E-MAIL: | Trade | | - | | 9,935 |
| 18  B & B Trucking | 3011 Highway 864 Sonora, TX 76950<br><br>Attn: Jock Dutton<br><br>PHONE: 325-387-3843 FAX: EMAIL: inventory@bb-trucking.com | Trade | | - | | 8,865 |
| 19  Renegade Well Services, LLC | 3301 E. HWY 377 Suite 202 P.O. Box 7180 Granbury, TX 76049<br><br>Attn: Jacob Percifull, CEO<br><br>PHONE: 682-936-4446 FAX: 682-936-4451 E-MAIL: | Trade | | - | | 8,030 |
| 20  Lufkin Industries, Inc | 601 S. Raguet Lufkin, TX 75904<br><br>Attn: Brian Worrell<br><br>PHONE: 936-634-2211 FAX: 936-637-5272 EMAIL: | Trade | | - | | 4,634 |
| 21  Apergy ESP Systems LLC | 2445 Technology Forest Rd. Bldg 4, Suite 900 The Woodlands, Texas 77381<br><br>Attn: John Seaman, Director of Finance<br><br>PHONE: 281-403-5772 FAX: 281-403-5746 E-MAIL: john.seaman@doverals.com | Trade | | - | | 4,266 |

**Approach Resources Inc. - Top 30 Creditors**

*As of 11/18/19*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 Patriot Automation & Control Inc. | 6755 Spindletop Road<br>San Angelo, TX 76901<br><br>Attn: Javier Favila, Branch Manager<br><br>PHONE: 325-653-7546<br>FAX: 325-653-4421<br>EMAIL: | Trade | | - | | 4,202 |
| 23 RWLS, LLC | 1937 West Ave<br>PO Box 852<br>Levelland, TX 79336<br><br>Attn: Randy Cassady, VP Operations<br><br>PHONE: 806-897-0735<br>FAX: 806-897-0736<br>EMAIL: | Trade | | - | | 3,860 |
| 24 Howard Measurement Co., Inc. | 1637 Enterprise Street<br>Athens, TX 75751<br><br>Attn: Pam Hobgood<br><br>PHONE: 469-964-9361<br>FAX:<br>EMAIL: phobgood@howardmeasurement.com | Trade | | - | | 2,879 |
| 25 Liberty Lift Solutions LLC | 16420 Park Ten Place<br>Suite 300<br>Houston, TX 77084-5692<br><br>Attn: David Jones Sr.<br><br>PHONE: 713-575-2300<br>FAX:<br>EMAIL: david.jones@libertylift.com | Trade | | - | | 2,864 |
| 26 Rig Power, Inc | 415 W. Wall St<br>Suite 835<br>Midland, TX 79701<br><br>Attn: Kyle Braun<br><br>PHONE: 432-570-7500<br>FAX: 432-570-7502<br>EMAIL: | Trade | | - | | 2,240 |
| 27 Mulholland Energy Services, LLC | 10308 W County Road 72<br>Midland, TX 79707<br><br>Attn: Malcolm Mulholland<br><br>PHONE: 432-703-7045<br>FAX:<br>EMAIL: | Trade | | - | | 2,225 |
| 28 Odessa Pumps & Equipment, Inc | 8161 Dorado Dr<br>Odessa, TX 79765<br><br>Attn: Clayton Kenworthy<br><br>PHONE: 830-755-5160<br>FAX:<br>EMAIL: clayton@odessapumps.com | Trade | | - | | 1,926 |

**Approach Resources Inc. - Top 30 Creditors**

*As of 11/18/19*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29   C & J Well Services Inc | 3990 Rogerdale<br>Houston, TX 77042<br><br>Attn: Don Gawick, President<br><br>PHONE: 713-325-6000<br>FAX:<br>E-MAIL: don.gawick@cjes.com | Trade | | - | | 1,839 |
| 30   Vision Exploration LLC | 145 St. Ives Drive<br>Madison, MS 39110<br><br>Attn: Steve Walnkinshaw, President<br><br>PHONE: 601-607-3227<br>FAX:  855-426-8624<br>EMAIL:  steve@visionexploration.com | Trade | | - | | 1,798 |