

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/28/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| APPROACH RESOURCES INC., *et al.*, | § | Case No. 19-36444 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | Re: Dkt. No. 636 |

### ORDER (I) EXTENDING DEBTORS' EXCLUSIVITY PERIODS AND (II) GRANTING RELATED RELIEF

Having considered the *Fifth Motion of Debtors for Entry of an Order (i) Extending Their Exclusivity Periods and (ii) Granting Related Relief* (the "Motion")[2] of Approach Resources Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 1121 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures"), and the Bankruptcy Local Rules, the Court finds that: (a) jurisdiction over the matters in the Motion is proper pursuant to 28 U.S.C. § 1334; (b) consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Approach Resources Inc. (4817); Approach Midstream Holdings LLC (4122); Approach Oil & Gas Inc. (7957); Approach Operating, LLC (1981); Approach Delaware, LLC (7483); Approach Services, LLC (3806); and Approach Resources I, LP (5316).  The Debtors' mailing address is One Ridgmar Centre, 6500 West Freeway, Suite 900, Fort Worth, Texas 76116.

[2]  All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Motion.

need be provided; and (e) good and sufficient cause exists for granting the relief requested in the Motion. The Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is extended through and including October 28, 2020.

2. Pursuant to Section 1121(d) of the Bankruptcy Code, the Exclusive Solicitation Period is extended through and including December 28, 2020.

3. The extension of the Exclusive Periods granted herein is without prejudice to such further requests that may be made pursuant to Section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest, for cause, upon notice and hearing.

4. Notwithstanding any applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: October 28, 2020

_____
Marvin Isgur
United States Bankruptcy Judge