IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| APPROACH RESOURCES INC., *et al.*, | § | Case No. 19-36444 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**DECLARATION OF EMILY YOUNG
OF EPIQ CORPORATE RESTRUCTURING, LLC
REGARDING VOTING AND TABULATION OF BALLOTS
CAST ON AMENDED JOINT PLAN OF LIQUIDATION OF
APPROACH RESOURCES INC. AND ITS DEBTOR AFFILIATES
<u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

I, Emily Young, declare, under penalty of perjury:

1. I am a Senior Consultant of Epiq Corporate Restructuring, LLC ("**Epiq**") located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of 18 years. I do not have a direct interest in these chapter 11 cases and should be considered an impartial party.

2. I submit this declaration (the "**Declaration**") with respect to the solicitation and tabulation of votes cast on the *Amended Joint Plan of Liquidation of Approach Resources Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 670] (as amended, supplemented, or modified from time to time, the "**Plan**").[2] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Solicitation Procedures Order (as defined herein).

documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with (a) the *Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent* [Dkt. No. 30], and (b) the *Order (I) Conditionally Approving Proposed Disclosure Statement; (II) Establishing Solicitation and Voting Procedures; (III) Scheduling Combined Hearing; and (IV) Establishing Notice and Objection Procedures* [Dkt. No. 669] (the "**Solicitation Procedures Order**"), Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in the Voting Classes (as defined below).

4. Pursuant to the Plan and the Solicitation Procedures Order, only holders of Claims in the following Classes (collectively, the "**Voting Classes**") were entitled to vote to accept or reject the Plan:

| **Class** | **Description** |
|---|---|
| Class 2 | Prepetition Secured Claims |
| Class 4 | Class 4 GUC Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Solicitation Procedures Order. Epiq was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted by holders of Claims in the Voting Classes in accordance with the Solicitation Procedures Order.

6. The Solicitation Procedures Order established November 5, 2020 as the record date for determining the holders of Claims in the Voting Classes entitled to vote on the Plan (the "**Voting Record Date**").

7.     In accordance with the Solicitation Procedures Order, Epiq solicited the holders of Claims in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service of Solicitation Materials* [Dkt. No. 678] was filed with the Court on November 23, 2020.

8.     For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Solicitation Procedures Order, executed by the relevant holder, or such holder's authorized representative, and must have been received by Epiq by December 11, 2020, 4:00 p.m. (prevailing Central Time) (the "**Voting Deadline**").

9.     All validly executed Ballots cast by holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in accordance with the Solicitation Procedures Order. I declare that the results of the voting by holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

10.    A report of all Ballots received but not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

[*Remainder of page intentionally left blank*]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  December 14, 2020
        Chatham, Georgia

/s/ *Emily Young*
Emily Young
Senior Consultant
Epiq Corporate Restructuring, LLC

**<u>Exhibit A</u>**

**Tabulation Summary**

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 2** Prepetition Secured Claims | $259,782,048.34 **100.00%** | 8 **100.00%** | $0.00 **0.00%** | 0 **0.00%** | Accept |
| **Class 4** Class 4 GUC Claims | $77,581,105.85 **99.51%** | 33 **84.62%** | $383,001.00 **0.49%** | 6 **15.38%** | Accept |

## **Exhibit B**

Exhibit B

Report of Excluded Ballot(s)

| Plan Class | Plan Class Description | Claim Name | Voting Amount | Vote Accept/Reject | Ballot Number | Defect Reason |
|---|---|---|---|---|---|---|
| 2 | Prepetition Secured Claims | HANCOCK WHITNEY BANK | $20,205,270.42 | Accept | 1 | Superseded by a later received and counted ballot |